SEDGWICK, DETERT, MORAN & ARNOLD LLP
STEPHANIE A. SHERIDAN   (Bar No. 135910)
MICHAEL N. WESTHEIMER  (Bar No. 178938)
One Market Plaza, Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
Email:  kevin.dunne@sdma.com
        stephanie.sheridan@sdma.com
        michael.westheimer@sdma.com

Attorneys for Defendant
OLLY'S RETAIL USA, INC. d/b/a/ OILILY
(named erroneously as Oilily B.V.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELIZABETH McCOY, individually and on behalf of herself all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OILILY; DOES 1 through 10,<br><br>Defendants. | CASE NO. C 07-04780 SI<br><br>**DEFENDANT'S ANSWER**<br>**TO PLAINTIFF'S COMPLAINT**<br><br>Judge:  Hon. Susan Illston<br>Court:  10, 19th Floor |

Defendant Olly's Retail USA, Inc. d/b/a Oilily (hereafter "Defendant") submits this answer to the Complaint filed by Plaintiff Elizabeth McCoy, individually and on behalf of herself and all others similarly situated, and responds as follows:

1. In response to paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to bring an action against Defendant pursuant to 15 U.S.C. § 1681 *et seq.*, in which she alleges violations of 15 U.S.C. § 1681c(g) and seeks remedies under 15 U.S.C. § 168In. Defendant further admits that the Fair and Accurate Credit Transactions Act ("FACTA") was enacted in 2003, and that 15 U.S.C. § 1681c(g) contains the quoted language (as well as other

language, including the phrase at the beginning of 15 U.S.C. § 1681c(g)(1) – "Except as otherwise provided in this subsection" – that Plaintiff omitted from her quotation of that subsection). Except as expressly admitted herein, Defendant denies any remaining allegations in paragraph 1 of the Complaint and expressly denies committing any willful violation of FACTA.

2. Paragraph 2 of the Complaint sets forth legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, Defendant admits that Plaintiff purports to be a resident of the State of California and of the County of Santa Clara and that Plaintiff claims to be a "consumer" and purports to represent a "nationwide class of consumers." Except as expressly admitted herein, Defendant denies any remaining allegations in paragraph 2 of the Complaint.

3. Defendant admits in part, and denies in part, the declarations in paragraph 3 of the Complaint. Defendant Olly's Retail USA, Inc. d/b/a/ Oilily conducts business in the State of California, in this district, as well as in other locations in the United States. Defendant further admits that it manufactures and distributes retail apparel and accessories. Defendant further admits that in connection with certain of its customer transactions, it accepts credit or debit cards from customers as an acceptable method of payment, and that electronically-printed receipts may be printed reflecting some of those transactions. The remaining allegations in the third sentence of paragraph 3 of the Complaint set forth legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations in paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint sets forth legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, Defendant lacks sufficient information to admit or deny the allegations regarding fictitiously named DOE defendants, or regarding Plaintiff's current awareness of information, or regarding what actions Plaintiff may take in pursuing the litigation, and denies the allegations on that basis.

5. In response to paragraph 5 of the Complaint, Defendant admits that this Court has federal question jurisdiction.

///

6. Paragraph 6 of the Complaint sets forth legal arguments to which no response is required. To the extent the allegations are deemed factual in nature, Defendant admits that Olly's Retail USA, Inc. d/b/a Oilily conducts business within this district. Except as expressly admitted herein, Defendant denies any remaining allegations in paragraph 6 of the Complaint.

7. In response to paragraph 7 of the Complaint, Defendant admits that venue is proper in this district. Except as expressly admitted herein, Defendant denies any remaining allegations in paragraph 7.

8. Paragraph 8 of the Complaint sets forth legal arguments to which no response is required. To the extent the allegations are deemed factual in nature, Defendant admits that it conducts business through its subsidiary, Olly's Retail USA, Inc. d/b/a Oilily, within this district as well as elsewhere in the United States. Except as expressly admitted herein, Defendant denies any remaining allegations in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint sets forth legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, Defendant admits that FACTA was enacted in 2003 and includes the provisions set forth in 15 U.S.C. § 1681c(g). Except as expressly admitted herein, Defendant denies any remaining allegations in paragraph 9 of the Complaint.

10. In response to the allegations in paragraph 10 of the Complaint, Defendant denies Plaintiff's allegations purporting to characterize the nature, content and the extent to which the identified information allegedly was distributed. Except as expressly admitted herein, Defendant denies any remaining allegations in paragraph 10 of the Complaint, and expressly denies committing any willful violation of FACTA.

11. Defendant denies the allegations set forth in paragraph 11.

12. In response to the first sentence of paragraph 12 of the Complaint, Defendant admits that Plaintiff purports to bring this action on behalf of herself and a class of persons similarly situated, who she sometimes refers to in the Complaint as "Class Members." The second sentence of paragraph 12 of the Complaint sets forth legal conclusions to which no response is required, but to the extent they are deemed factual in nature, Defendant denies them.

13. In response to the first sentence of paragraph 13 of the Complaint, Defendant denies the allegations as stated. The second sentence of paragraph 13 of the Complaint sets forth legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations in paragraph 13 of the Complaint, and expressly denies committing any willful violation of FACTA.

14. In response to the first sentence of paragraph 14 of the Complaint, Defendant denies the allegations as stated. The second sentence of paragraph 14 of the Complaint sets forth legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations in paragraph 14 of the Complaint, and expressly denies committing any willful violation of FACTA.

15. Defendant denies the allegations in paragraph 15 of the Complaint, and expressly denies committing any willful violation of FACTA.

16. In response to paragraph 16 of the Complaint, Defendant admits that Plaintiff purports to bring this action on behalf of others that Plaintiff has defined as the "Class." Except as expressly admitted herein, Defendant denies any remaining allegations in paragraph 16 of the Complaint.

17. In response to paragraph 17 of the Complaint, Defendant admits that Plaintiff purports to exclude the listed persons or entities from its definition of the "Class." Except as expressly admitted herein, Defendant denies any remaining allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. In response to paragraph 19, Defendant admits that Plaintiff is purporting to bring her individual claim on behalf of an alleged class of unnamed individuals under Rule 23 of the Federal Rules of Civil Procedure. Except as expressly admitted herein, Defendant denies the remaining allegations in paragraph 19 of the Complaint, and further denies that Plaintiff is entitled to assert her purported claims on behalf of anyone else, including, but not limited to, a class of unnamed individuals.

///

20. Defendant denies the allegations in paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint, subparts (a) through (c) inclusive.

22. Defendant denies the allegations in paragraph 22 of the Complaint.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. In response to the first sentence of paragraph 24 of the Complaint, Defendant denies the allegations as stated. The second sentence of paragraph 24 of the Complaint sets forth legal conclusions to which no response is required. Except as expressly admitted herein, Defendant denies any remaining allegations in paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. In response to paragraph 26 of the Complaint, Defendant refers to and incorporates each of the responses set forth in this Answer as though set forth in full herein.

27. Paragraph 27 of the Complaint sets forth legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, Defendant denies them as stated and expressly denies committing any willful violation of FACTA.

28. Paragraph 28 of the Complaint sets forth legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, Defendant denies them as stated and expressly denies committing any willful violation of FACTA.

29. Paragraph 29 of the Complaint sets forth legal conclusions to which no response is required. To the extent the allegations are deemed factual in nature, Defendant denies them as stated and expressly denies committing any willful violation of FACTA.

30. In response to paragraph 30 of the Complaint, Defendant admits that Plaintiff is not seeking to recover any actual damages in this action either for herself or the members of the putative class she seeks to represent, because any actual loss allegedly is "small and hard to quantify." The remaining allegations in paragraph 30 of the Complaint sets forth legal conclusions to which no response is required, but to the extent they are deemed factual in nature, Defendant denies them and expressly denies committing any willful violation of FACTA.

///

31. In response to Plaintiff's prayer for relief, Defendant expressly denies that Plaintiff is or may be entitled to attorneys' fees or to any other form of relief, or to any remedy of any type or in any amount with regard to any matters set forth in the Complaint, and further denies that there is any factual or legal basis upon which any dispute between Plaintiff and Defendant could or should be resolved in favor of Plaintiff.

32. Except as expressly admitted herein, any remaining allegations in the Complaint are denied.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted, including but not limited to statutory damages, punitive damages, costs or attorneys' fees, either individually or on behalf of the putative class.

### SECOND AFFIRMATIVE DEFENSE

At all times relevant, Defendant acted reasonably, in good faith, in substantial compliance and in conformance with industry standards with regard to the obligations imposed by 15 U.S.C. § 1681c(g).

### THIRD AFFIRMATIVE DEFENSE

If any violation of 15 U.S.C. § 1681c(g) occurred, which Defendant denies, such violation was not willful within the meaning of 15 U.S.C. § 1681n.

### FOURTH AFFIRMATIVE DEFENSE

The statutory provisions alleged in the Complaint are unconstitutionally vague and ambiguous, uncertain and overbroad on their face and as applied to Defendant, provide insufficient notice of what constitutes a willful violation, and enforcement of the statutory provisions would violate the Due Process clause of the United States Constitution and applicable state Constitutions.

### FIFTH AFFIRMATIVE DEFENSE

The claims for statutory damages, punitive damages, attorneys' fees and/or costs are barred in whole or in part because such an award would violate the Due Process or Excessive Fines clauses of the United States Constitution and applicable state Constitutions.



### SIXTH AFFIRMATIVE DEFENSE

On information and belief, Defendant alleges that Plaintiff is not entitled to have a class certified under Rule 23 of the Federal Rules of Civil Procedure for reasons including, but not limited to: (1) the members of the putative class are not readily identifiable; (2) Plaintiff would not be an adequate class representative; (3) Plaintiff's counsel could not adequately prosecute this matter as a class action; (4) class treatment is not the superior method for adjudicating the alleged claims; (5) a class action would be unmanageable; (6) Plaintiff's claims are not typical of other putative class members; (7) the interests of Plaintiff and/or her counsel are antagonistic to other class members; (8) common questions of fact or law do not predominate; or (9) pursuit of this matter as a class action potentially places putative class members at greater risk than the harm alleged in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

On information and belief, Defendant alleges that Plaintiff's claims are barred by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

On information and belief, Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

On information and belief, Defendant alleges that Plaintiff lacks standing to pursue the action either individually or on behalf of the putative class because she sustained no harm as a result of the allegations set forth in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they seek any remedies individually or on behalf of the putative class in violation of the statute of limitations set forth in 15 U.S.C. § 1681p and/or the doctrine of laches.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to set out her claims with sufficient particularity to permit Defendant to raise all appropriate defenses, and Defendant therefore reserves the right to add further

defenses as the bases for Plaintiff's purported claims become known, pursuant to the provisions of Rule 8 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant prays for relief as follows:

1. That Plaintiff takes nothing by way of the Complaint;
2. That judgment be entered in favor of Defendant and against Plaintiff;
3. That Defendant be awarded its costs of suit incurred in this action;
4. That Defendant be awarded its attorney's fees incurred in this action under 15 U.S.C. § 1681n(c); and
5. For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Defendant hereby expressly reserves its right to a jury trial in this action.

Dated: November 21, 2007.   SEDGWICK, DETERT, MORAN & ARNOLD LLP


By: _____/s/_____
Stephanie A. Sheridan
Attorneys for Defendant
FEDEX KINKO'S OFFICE AND PRINT SERVICES, INC.

SF/1465807v1

8.
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT