SEDGWICK, DETERT, MORAN & ARNOLD LLP
STEPHANIE SHERIDAN (Bar No. 135910)
ALISON WILLIAMS (Bar No. 251689)
One Market Plaza, Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
Email: stephanie.sheridan@sdma.com
       alison.williams@sdma.com

Attorneys for Defendant
OLLY'S RETAIL USA, INC. d/b/a/ OILILY
(named erroneously as Oilily B.V.)

Pierce Gore (State Bar No. 128515)
GORE LAW FIRM
900 East Hamilton Avenue, Suite 100
Campbell, CA 95008
Telephone: (408) 879-7444
Facsimile  (408) 376-0757
Email: *piercegore@gorelawfirm.com*

Attorneys for Plaintiff
ELIZABETH McCOY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELIZABETH McCOY, individually and on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OILILY B.V., DOES 1 THOUGH 10,<br><br>Defendant. | CASE NO. C 07-4780 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Susan Illston<br>Conference Date: January 15, 2008<br>Time: 2:30 p.m.<br>Courtroom: 10, 19th Floor |

**TO THE HONORABLE COURT:**

On December 18, 2007, the parties to the above-captioned action met and conferred pursuant to FRCP 26(f). The parties jointly submit this Case Management Statement and Proposed Order pursuant to the Court's standard format, and request the Court to adopt it as its Case Management Order in this case.

### 1. Jurisdiction and Service

The subject-matter jurisdiction of this Court is not disputed, based on 28 U.S.C. § 1331 (federal question). There are no issues regarding personal jurisdiction or venue, and all parties have been served.

### 2. Factual and Legal Summary of Action

Section 1681c(g) of the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), which is part of the Fair Credit Reporting Act ("FCRA"), provides that:

> "No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." (15 U.S.C. §1681c(g).)

Plaintiff has filed the instant class-action Complaint alleging that Defendant violated FACTA by printing prohibited information on credit and/or debit card receipts provided to its customers. Plaintiff also alleges that these violations were willful and seek remedies under 15 U.S.C. § 1681n. Plaintiff seeks to certify a nation-wide class, and to obtain statutory damages on behalf of Plaintiff and members of the plaintiff class. Plaintiff does not presently seek to recover actual damages. Defendant disputes the allegations asserted by Plaintiff, and contends that Plaintiff is not entitled to the relief requested, or to any relief, either individually or on a class basis.

### 3.1 Principal Factual Issues Genuinely in Dispute

(a) Defendant's conduct – i.e., whether Defendant printed prohibited information on credit and/or debit card receipts in violation of FACTA.

(b) The nature of Defendant's conduct - i.e., whether Defendant's conduct was willful. This is a combined issue of law and fact.

(c) The nature and amount of any damages.

### 3.2 Principal Legal Issues Genuinely in Dispute

(a) Whether this case may be maintained as a class action.

///

(b)   Whether Defendant's conduct satisfies the willfulness standard under the Fair Credit Reporting Act, of which FACTA is a part.

(c)   The amount of statutory damages recoverable in the event willfulness is shown;

(d)   The amount of punitive damages, if any, that should be awarded in the event willfulness is shown.

**4.   Issues that Can Be Narrowed by Agreement or by Motions**

Defendant intends to bring motions for summary judgment and/or partial summary judgment, and further believes that class issues may be narrowed or resolved in motions relating to class certification.

**5.   Motions Anticipated by the Parties**

Plaintiff expects to file her motion for class certification on or before July 1, 2008. Defendant anticipates filing summary judgment or partial summary judgment motions, motions relating to class certification, a motion to bifurcate punitive damages claim, motions in limine, and a motion to consolidate related actions.

**6.   Amendments of Pleadings**

None anticipated.

**7.   Relief Sought, Computation of Damages**

Plaintiff seeks statutory damages under 15 U.S.C. § 1681n, punitive damages, pre-judgment and post-judgment interest as permitted by law, and attorney's fees, expenses, and costs.

Defendant contends that Plaintiff is not entitled to this relief, or to any relief whatsoever in this action. Defendant does not seek damages, but reserves the right to seek recovery of costs and attorneys' fees incurred in this action.

**8.   Evidence Preservation**

The parties will comply.

**9.   Discovery**

The parties will serve initial disclosures On January 7, 2008 in accordance with FRCP 26(a) and the Court's orders. The parties agree that discovery may commence after initial

disclosures are served. The parties will comply with the Court's discovery rules and orders.

**10.  Settlement and ADR**

The parties are in agreement that this matter is not suitable for ADR.

**11.  Referral to Binding Arbitration, Special Master, Magistrate Judge, Judicial Panel**

The parties each decline referral to binding arbitration, special master, magistrate judge or judicial panel.

**12.  Nature and Length of Trial, Bifurcation of Issues**

Plaintiff has requested a jury trial. Defendant intends to seek bifurcation of willfulness and punitive damages issues, which may impact the anticipated trial length.

**13.  Related Cases Before Other Judges of This Court**

The parties are not aware of any related cases pending before other Judges of this Court. At least one similar case is pending in another district – *Klingensmith v. Oilily Retail USA*, U.S. District Court, Eastern District of Pennsylvania, Case No. 2:07-CV-0421-JF. That matter was filed after this case, and Plaintiff's counsel has agreed to dismiss that case to potentially be refiled in this district and joined with this case.

**14.  Class Action Issues**

(a)  **Plaintiff's Position**

Plaintiff asserts that this case is maintainable as a class action under sections (b)(1), (b)(3), and (c) of FRCP 23.

The Complaint alleges that Defendant used an automated receipt printing procedure that printed receipts violating FACTA. Accordingly, Plaintiff and all members of the potential class are identically situated. There are no individual issues in this case of fact or law.

(b)  **Defendant's Position**

Defendant disputes Plaintiff's class action contentions in their entirety, and asserts that this action may not be maintained as a class action.

///

///

**15. Proposed Dates for Discovery Cut-off, Pretrial Conference and Trial**

To the extent the Court seeks to set a trial date at the Case Management Conference, the parties believe a reasonable trial date is January 2009, with the deadline to complete discovery set for September 15, 2008.

**16. Disclosure of Non-party Interested Entities or Persons**

Defendant's disclosures are being prepared and should be submitted shortly. The members of the proposed Class are also interested parties.

**17. Other Matters**

None.

DATED: January 2, 2008                GORE LAW FIRM


By:      /s/ (Authorized 01/02/08)
    PIERCE GORE
    Attorneys for Plaintiff
    ELIZABETH McCOY


DATED: January 2, 2008                SEDGWICK, DETERT, MORAN & ARNOLD, LLP


By:      /s/
    STEPHANIE SHERIDAN
    ALISON WILLIAMS
    Attorneys for Defendant
    OLLY'S RETAIL USA, INC. d/b/a/ OILILY
    (named erroneously as Oilily B.V.)

# [PROPOSED] CASE MANAGEMENT ORDER

\_\_\_\_\_ The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

\_\_\_\_\_ In addition the Court orders: _____

_____.

_____

Dated: _____     _____
                                    Hon. Susan Illston
                                    UNITED STATES DISTRICT JUDGE

SEDGWICK
DETERT, MORAN & ARNOLD LLP

SF/1472337v1

-6-

JOINT CASE MANAGEMENT STATEMENT (CASE NO. C 07-4780 SI)

CASE NO. C 07-4780 SI